**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 17, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1767-CR**

Cir. Ct. No. **2018CM198**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MITCHELL L. CHRISTEN,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Dane County: NICHOLAS J. McNAMARA, Judge. *Affirmed*.

¶1 BLANCHARD, J.[1] Mitchell Christen was found guilty at a jury trial of charges that included operating or going armed with a firearm while under

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

the influence of an intoxicant, in violation of WIS. STAT. § 941.20(1)(b). Christen argued in the circuit court that the § 941.20(1)(b) charge should be dismissed on the ground that it violates the Second Amendment in all cases in which it is applied to the conduct of *any person* who is inside his or her residence, as he was in this case. The circuit court declined to dismiss the charge. The court rejected Christen's "broad constitutional argument that there's no way that this could be consistent with the constitution in light of" the decision of the U.S. Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008).[2] Christen apparently intends to renew the same argument on appeal. I reject the argument as a misframed as-applied constitutional challenge and accordingly affirm.[3]

¶2   WISCONSIN STAT. § 941.20(1)(b) is located in a statute entitled "Endangering safety by use of dangerous weapon" and criminalizes at the misdemeanor level the following conduct, without regard to the location of the conduct: "[o]perat[ing] or go[ing] armed with a firearm while … under the influence of an intoxicant."

¶3   According to Christen's own summary in his appellate brief, evidence at trial included the following account, which features him handling two firearms in the course of disputes in his apartment after substantial drinking:

---

[2] In *Heller*, the U.S. Supreme Court concluded that the District of Columbia's near-complete ban on keeping operable handguns in the home infringed on "the right of *law-abiding, responsible citizens* to use arms in defense of hearth and home," an interest that the Court described as "elevate[d] above all other [Second Amendment] interests." *District of Columbia v. Heller*, 554 U.S. 570, 574-75, 635 (2008) (emphasis added).

[3] The State fails to file a brief in this appeal, despite our order of March 9, 2020, cautioning that this failure tacitly concedes circuit court error. However, for the reason explained in the text, I conclude that Christen's failure to show error by the circuit court is so plain that summary reversal would not be reasonable.

2

(1) during the course of one evening, Christen "consumed four beers and one shot"; (2) on the same evening, after this drinking, during the course of a dispute with roommates and visitors of the roommates in their shared apartment, Christen "picked up his handgun," and told someone trying to enter his room to get out of the room; (3) after this, "[f]or his protection," Christen "tucked his handgun into his waist-band" for a trip to the kitchen; and (4) after a physical interaction in which someone "hit" him in the chest and "grabbed" his handgun, Christen "quickly retreated to his room, closed the door, retrieved his secondary weapon, and called 911."

¶4     In the circuit court, Christen filed a purported constitutional challenge based on the premise that "WIS. STAT. § 941.20(1)(b) violates his right to bear arms when it is applied to him, or any other citizen, while he is present within his own home."  In essence, Christen argued that this position is supported by the following passage in *Heller*, in particular the portions that I now emphasize:

> [T]he inherent right of self-defense has been central to the Second Amendment right.  The handgun ban [of the District of Columbia at issue in *Heller*] amounts to a prohibition of an entire class of "arms" that is overwhelmingly chosen by American society for that lawful purpose. *The prohibition extends, moreover, to the home, where the need for defense of self, family, and property is most acute.*  Under any of the standards of scrutiny that we have applied to enumerated constitutional rights, *banning from the home "the most preferred firearm in the nation to 'keep' and use for protection of one's home and family,"* would fail constitutional muster.

*Heller*, 554 U.S. at 628-29 (emphasis added) (footnote and citation omitted).

¶5     Before the circuit court, the State's responsive arguments included reliance on the reasoning in *United States v. Yancey*, 621 F.3d 681 (7th Cir. 2010)

3

(per curiam), a post-***Heller*** opinion. In ***Yancy***, the court stated that "most scholars of the Second Amendment agree that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.'" *Id.* at 684-85 (quoting ***United States v. Vongxay***, 594 F.3d 1111, 1118 (9th Cir. 2010) and citing extensive authority cited in ***Vongxay***, omitted here). The court explained in ***Yancey*** that the government may constitutionally "keep guns out of the hands of presumptively risky people" and that its interest in this regard is "without doubt an important one." *Id.* at 683-84.

¶6    On appeal, Christen makes clear that he is presenting an "as applied" constitutional challenge to WIS. STAT. § 941.20(1)(b). However, as our supreme court explained in ***State v. Wood***, 2010 WI 17, 323 Wis. 2d 321, 780 N.W.2d 63,

> [I]n an as-applied challenge, we assess the merits of the challenge by considering the facts of the particular case in front of us, "not hypothetical facts in other situations." Under such a challenge, the challenger must show that his or her constitutional rights were actually violated.

*Id.*, ¶13 (citations omitted).

¶7    Under this standard, it is fatal to Christen's purported as-applied challenge that, as he did in the circuit court, he relies entirely on hypotheticals about those who do *not* endanger the safety of others, and avoids even attempting to address the facts of his own case. It is fatal, in other words, that Christen fails to explain why, *based on the facts of this case*, WIS. STAT. § 941.20(1)(b) actually violated his Second Amendment rights. Indeed, after the statement of facts and the case, Christen's brief makes only passing references to his own conduct as proven at trial and does not come close to applying pertinent legal principles to that conduct. This failure is so complete that I do not need to address the standard of review or other points referenced in his brief.

4

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.